IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY ENGEL, #M36902 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−024−MJR |
| | ) |
| LT. REID, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Timothy Engel filed this action on January 11, 2017 pursuant to 42 U.S.C. § 1983. (Doc. 1). On January 18, 2017, this Court dismissed Plaintiff's Complaint for failure to state a claim upon which relief may be granted. (Doc. 8, p. 4). Plaintiff filed an unsigned Amended Complaint on March 24, 2017. (Doc. 9). On April 10, 2017, Plaintiff was ordered to submit a properly signed second amended complaint no later than May 8, 2017 if he wished to further pursue his claims. (Doc. 10). Plaintiff was also warned that if he failed to timely submit a second amended complaint, his Amended Complaint would be stricken, and the case would be dismissed. *Id.*

Plaintiff's deadline has now passed, and he has not submitted a second amended complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff's Amended Complaint is **STRICKEN** for failure to comply with Rule 11(a) of the Federal Rules

1

of Civil Procedure. Because the Complaint (Doc. 1) was originally dismissed for failure to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), which will be addressed in a separate order.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 16, 2017**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status has been granted.